IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2011 SEP 27 AM 11:26

R. Our
CLERK
SO. DIST. OF GA.

TERRY COLEY,

   Petitioner,

vs.             CIVIL ACTION NO.: CV211-125

ANTHONY HAYNES, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Coley ("Coley"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss the petition, and Coley filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Coley's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Following a jury trial in the Northern District of Georgia, Coley was convicted of one count of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846, and two counts of knowingly or intentionally manufacturing, distributing, or dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance, in violation of 21 U.S.C. § 841. United States v. McIntyre, No. 1:88-cr-00342-JOF-ALC-4 (N.D. Ga.). Coley was sentenced to 188

AO 72A
(Rev. 8/82)

months' imprisonment. (Doc. No. 6-1, p. 13). Cc ey appealed his sentence, and the Eleventh Circuit Court of Appeals affirmed. (Doc. No. 6-1, pp. 13, 16).

Coley filed a motion in the Northern District of Georgia requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255. (Doc. No. 6-1, pp. 16–17). The court dismissed the motion as barred by the statute of limitations. (Doc. No. 6, p. 3). Coley appealed the dismissal, and the Eleventh Circuit denied him a certificate of appealability. (Doc. No. 6-1, pp. 17–18). Since the denial of his § 2255 motion, Coley has attempted on a number of occasions and in multiple jurisdictions to attack his conviction. (Doc. No. 6, pp. 3–4). Each attempt has failed. Id.

In the instant petition, Coley seeks relief under § 2241 based on alleged violations of the Ex Post Facto clause and his Fifth and Eighth Amendment rights. He argues that the wrong edition of the Sentencing Guidelines Manual was used, resulting in an Ex Post facto violation. (Doc. No. 1, pp. 4–5). Additionally, Coley asserts that the sentencing court relied upon a false statement given by a probation officer to upwardly depart from the sentencing guidelines. Id. Coley states that he is "innocence (sic) of the upward departure in which he is now in custody for" resulting in a violation of his Fifth and Eighth Amendment rights. (Doc. No. 1, p. 5). Respondent contends that Petitioner's claims should be dismissed because they are not appropriate claims to be brought under § 2241. (Doc. No. 6).

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942,

AO 72A
(Rev. 8/82)

944-45 (11th Cir. 2005) (citation omitted); 28 U.S.C § 2255(a). After filing an unsuccessful § 2255 motion, a prisoner may file successive § 2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241 habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Coley argues that his claims do not fall within the scope of § 2255, making § 2255 irrelevant, thus entitling him to relief under § 2241. He states that his petition "is not a motion attacking his sentence." (Doc. No. 8, p. 2). However, Coley's argument, that he is serving time which he should not be serving, is clearly an attack on his sentence. Therefore, his claims fall within the ambit of § 2255, and in order to file a § 2241 petition, Coley's claims must fall within the savings clause of § 2255.

AO 72A
(Rev. 8/82)

Coley is not entitled to § 2241 relief. He fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions. Without meeting the Wofford test, Coley's claims do not fall within the savings clause of § 2255; therefore, he cannot bring them under § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Coley's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)